IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(Martinsburg Division)

ZURICH AMERICAN INSURANCE COMPANY;
FIDELITY AND DEPOSIT COMPANY OF MARYLAND;
and COLONIAL AMERICAN CASUALTY AND SURETY COMPANY;

    Plaintiffs,

v.                           Civil Action No. _____ 3:19-CV-151 (Groh)

DOVE ENTERPRISES, INC.;
BARRY R. McDONALD;
JENA L. McDONALD n.k.a. PRUETT;
BRENDA PRUETT;
CARL W. PRUETT;
and BARRJEN HAULING, INC.;

    Defendants.

ELECTRONICALLY FILED
Sep 16 2019
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

For their Complaint against the Defendants, the Plaintiffs state as follows:

### BACKGROUND

This civil action arises out of the Defendants requesting that the Plaintiff, Fidelity and Deposit Company of Maryland, issue to Dove Enterprises, Inc., a Subdivision Improvement Bond as a construction surety bond to obtain approval that Dove Enterprises sought from the Berkeley County Planning Commission for a certain subdivision development construction project. As a customary and required part of the Subdivision Improvement Bond application process, the Defendants executed an Agreement of Indemnity to reimburse the Plaintiffs for any payments made under the Subdivision Improvement Bond. The subdivision construction project was not successful, and the Berkeley County Planning Commission made a claim under the Subdivision Improvement Bond which was paid by the Plaintiffs. Pursuant to the Agreement of Indemnity, the terms of the Subdivision Improvement Bond, and applicable law, the Defendants are required

to reimburse the Plaintiffs for all payments made to the Berkeley County Planning Commission under the Bond and other applicable damages.

## I.   PARTIES

1. Plaintiff, Zurich American Insurance Company (hereafter "ZAIC"), is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in West Virginia.

2. Plaintiff, Fidelity and Deposit Company of Maryland (hereafter "F&D"), is a Maryland corporation engaged in the insurance business with a statutory home office located at 600 Red Brook Blvd., Suite 600, Owings Mills, Maryland 21117 and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. F&D is authorized to transact business and has transacted business in West Virginia.

3. Plaintiff, Colonial American Casualty & Surety Company (hereafter "Colonial"), is a Maryland corporation engaged in the insurance business with a statutory home office located at 600 Red Brook Blvd., Suite 600, Owings Mills, Maryland 21117 and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Colonial is authorized to transact business and has transacted business in West Virginia.

4. Defendant, Dove Enterprises, Inc. (hereafter "Dove Enterprises"), was at all relevant times a West Virginia corporation, chartered on or about January 13, 2004, and terminated on or about November 1, 2011, and, upon information and belief, with a principal place of business in West Virginia. See "Business Entity Details" webpage from the West Virginia Secretary of State website, attached hereto as Exhibit A.

5. Defendant, Barry R. McDonald, is an individual residing at 11 Ye Olde McDonald Orchard Lane, Inwood, West Virginia 25428, and was at all relevant times an incorporator and President of Dove Enterprises, Inc. See Exhibit A.

6. Defendant, Jena L. McDonald f.k.a. Pruett, is an individual residing at 11 Ye Olde McDonald Orchard Lane, Inwood, West Virginia 25428, and upon information and belief was at all relevant times the spouse of Barry R. McDonald.

7. Defendant, Brenda Pruett, is an individual, who upon information and belief is a resident of West Virginia, and upon information and belief was at all relevant times an Officer of Dove Enterprises, Inc., and upon information and belief was at all relevant times the spouse of Carl Pruett. See Exhibit A.

8. Defendant, Carl W. Pruett, is an individual, who upon information and belief is a resident of West Virginia, and upon information and belief was at all relevant times the spouse of Brenda Pruett.

9. Defendant, Barr Jen Hauling, Inc., is a West Virginia corporation, chartered on or about April 8, 2005, and, upon information and belief, continues to be a duly registered corporation doing business in West Virginia, and, upon information and belief, with a principal place of business in West Virginia. See "Business Entity Details" webpage from the West Virginia Secretary of State website, attached hereto as Exhibit B.

## II. JURISDICTION & VENUE

10. This Court has subject matter jurisdiction, personal jurisdiction, and venue over this action as the subject matter involves a claim for payment of money damages under a contractual agreement upon information and belief executed within this District and pertaining to residents of West Virginia who upon information and belief reside in this District and further pertaining to a

construction project upon information and belief that was located within this District. The Defendant, Dove Enterprises, Inc., was at all relevant times a West Virginia corporation, who did business in West Virginia, and in this District, and, upon information and belief, with a principal place of business in West Virginia. See Exhibit A. The Defendant, Barr Jen Hauling, Inc., is a West Virginia corporation, who did business in West Virginia, and in this District, and, upon information and belief, with a principal place of business in West Virginia. See Exhibit B. The remaining Defendants are, upon information and belief, West Virginia residents. The Plaintiffs are not residents of West Virginia and none have their principal place of business in West Virginia and all Defendants are, upon information and belief, residents of West Virginia. The amount in controversy is satisfied as the damages sought are $123,708.65, attorney's fees as allowed by the Agreement of Indemnity and applicable law, plus prejudgment and post-judgment interest, and whatever other contractual damages the evidence may show, and any such other relief as this Court deems just and proper.

### III.   FACTS

11.     On September 7, 2005, each corporate Defendant executed the Agreement of Indemnity (hereafter "AOI"), as part of the application process for obtaining the Bond. See Agreement of Indemnity attached as Exhibit C.

12.     The AOI was also executed by the individual Defendants Barry R. McDonald, Jena L. McDonald n.k.a. Pruett, Brenda Pruett, and Carl W. Pruett. See Exhibit C.

13.     The AOI contains the following provisions requiring the Defendants to, individually and collectively, fully indemnify the Plaintiffs and reimburse the Plaintiffs for any amounts paid by the Plaintiffs under the Bond on behalf of Dove Enterprises and other such damages and amounts as may be set forth therein:

"The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interests, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. Such payment shall be equal to the amount of the reserve set by the Surety. In the event of any payment by the Surety the Contractor and Indemnitors further agree that in any accounting between the Surety and Contractor, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety."

See Exhibit C, p. 1 of 6, "Second" provision.

14. On September 22, 2005, the Subdivision Improvement Bond, being Bond No. 8762479 (hereafter "Bond") was issued by Plaintiff F&D to Dove Enterprises as the "Principal"

on the Bond, with the Berkeley County Planning Commission being the "Obligee," and the Plaintiff F&D being the "Surety" and/or Obligor on the Bond. See Bond attached as Exhibit D. The Bond was required for Dove Enterprises to obtain approval to proceed with the Morning Dove Estates subdivision development project referenced on the Bond.

15. The Bond was executed by Dove Enterprises. See Exhibit D.

16. The Bond was issued in reliance upon and as a result of the execution of the AOI by the Defendants, individually and collectively,

17. On March 31, 2015, the Berkeley County Planning Commission made a claim on the Bond based upon Dove Enterprises not fulfilling its contractual, regulatory, and/or other obligations relative to the above-referenced subdivision development project. See Exhibit E.

18. Plaintiffs investigated the claim, including retaining an independent expert construction consultant firm to review the project and the claim.

19. Plaintiffs concluded that Dove Enterprises had failed to fulfill its contractual, regulatory, and/or other obligations relative to the above-referenced subdivision development project, which required payment to the Berkeley County Planning Commission under the terms of the Bond.

20. On March 27, 2019, Plaintiff ZAIC on behalf of Plaintiff F&D issued payment to the Berkeley County Planning Commission in the amount of $117,000.00 for the base amount of the claim with an additional $6,708.65 being paid for expenses, for a total paid on behalf of Dove Enterprises of $123,708.65. See check attached as Exhibit F.

21. The payment by Plaintiffs to the Berkeley County Planning Commission fully satisfied the obligations of Plaintiffs/Surety to the Obligee under the Bond and triggered the

obligations of the Defendants to indemnify and reimburse the Plaintiffs for said payments and other damages as may be allowed by law.

22. On May 24, 2019, Plaintiffs demanded that Defendants reimburse Plaintiffs for the aforesaid amount paid to the Berkeley County Planning Commission under the Bond. See letter attached as Exhibit G.

23. Again, on June 20, 2019, Plaintiffs demanded that Defendants reimburse Plaintiffs for the aforesaid amount paid to the Berkeley County Planning Commission under the Performance Bond. See letter/email attached as Exhibit H.

24. No Defendant has made any payment in any amount to Plaintiffs towards reimbursement of the aforesaid amount.

25. In addition to the aforesaid payment amount, the Plaintiffs have suffered additional damages as a result of the Defendants' (individually and collectively) breach of the Bond and AOI, as more fully described below, in the form of attorney's fees and litigation expenses, and annoyance and inconvenience.

## COUNT I
## BREACH OF CONTRACT
### (Agreement of Indemnity)

26. The Plaintiffs reallege as if fully restated herein the allegations set forth in paragraphs 1 – 25 above.

27. The AOI is a binding and enforceable contract between Plaintiffs and Defendants and is incorporated herein fully by reference as if fully restated herein. See Exhibit C.

28. The AOI describes the parties to this binding and enforceable contract as follows:

"THIS AGREEMENT of Indemnity, made and entered into this 7th day of September, 2005 by Dove Enterprises, Inc., 11 Ye Olde McDonald Orchard Lane, Inwood, West Virginia 25428 (hereinafter called the Contractor) and Barry R. and Jena L. McDonald, 11

Ye Olde McDonald Orchard Lane, Inwood, West Virginia 25428; Brenda McDonald and Carl W. Pruett, 1618 Glenwood Park Road, Princeton, West Virginia 24740; Barr Jen Hauling, Inc., 11 Ye Olde McDonald Orchard Lane, Inwood, West Virginia 25428 (hereinafter called the Indemnitors, if any) and ZURICH AMERICAN INSURANCE COMPANY and its Subsidiaries and Affiliates including, but not limited to FIDELITY AND DEPOSIT COMPANY OF MARYLAND and COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, 3910 Keswick Road, P.O. Box 1227, Baltimore, Maryland 21203, its successors and assigns (hereinafter called Surety)."

See Exhibit C, page one of six, initial paragraph.

29. The AOI states in part the following: "WHEREAS, at the request of the Contractor and the Indemnitors and upon the express understanding that this Agreement of Indemnity be given, the Surety has executed or procured to be executed, and may from time to time hereafter execute or procure to be executed, said Bonds on behalf of the Contractor . . ." See Exhibit C, page 1 of 6, second unnumbered Whereas provision.

30. The AOI states the Indemnity obligation as follows:

"The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interests, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by

the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. Such payment shall be equal to the amount of the reserve set by the Surety. In the event of any payment by the Surety the Contractor and Indemnitors further agree that in any accounting between the Surety and Contractor, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety."

See Exhibit C, p. 1 of 6, "Second" provision.

31. Plaintiffs have fully performed their obligations under the AOI.

32. Defendants have breached the AOI by not making repayment to Plaintiffs in the aforesaid amounts.

33. Defendants are required to exonerate, indemnify, and keep indemnified the Plaintiffs for the aforesaid payments made to the Berkeley County Planning Commission.

34. Defendants are required to exonerate, indemnify, and keep indemnified the Plaintiffs for the counsel's fees and other damages incurred by Plaintiffs in relation to making the said payments to the Berkeley County Planning Commission.

35. Defendants' breach of the AOI is the direct and proximate cause of monetary loss and damages to the Plaintiffs in the amount of $117,000.00 for the base amount of the claim with

an additional $6,708.65 being paid for expenses, for a total of $123,708.65, plus attorney's fees, litigation expenses, prejudgment interest, and post-judgment interest.

37. Defendants (individually and collectively) are liable to Plaintiffs in the amount of $117,000.00 for the base amount of the claim with an additional $6,708.65 being paid for expenses, for a total of $123,708.65, plus attorney's fees, litigation expenses, prejudgment interest, and post-judgment interest.

## COUNT II
## BREACH OF CONTRACT
### (Bond)

37. The Plaintiffs reallege as if fully restated herein the allegations set forth in paragraphs 1 – 36 above.

38. The Bond is a binding and enforceable contract between Plaintiffs and Defendants.

39. The Bond states in part: "WHEREAS, the Principal has agreed to perform the various improvements as detailed by either the plan(s)/specification(s), prepared by . . . to the subdivision known as Morning Dove Estates, Section I – File 46-03. NOW THEREAFORE, THE CONDITION OF THIS OBLIGATION IS SUCH, that, if said Principal shall perform and complete said improvements to said development in accordance with either the plan(s)/specification(s)/agreement, then this obligation shall be void, otherwise to be and remain in full force and effect." Exhibit D, unnumbered first page.

40. Moreover, the Bond is a material part of the consideration and underlying obligation undertaken by the AOI which states:

"WHEREAS, the Contractor, in the performance of contracts and the fulfillment of obligations generally, whether in its own name solely or as co-adventurer with others, may desire or be required to give or procure certain surety bonds, undertakings or instruments of guarantee, and to renew, or continue or substitute from time to time the same or new

bonds, undertakings, or instruments of guarantee with the same or different penalties, and/or conditions, any one or more of which are hereinafter called Bonds; or the Contractor or Indemnitors may request the Surety to refrain from cancelling said Bonds; and

WHEREAS, at the request of the Contractor and the Indemnitors and upon the express understanding that this Agreement of Indemnity be given, the Surety has executed or procured to be executed, and may from time to time hereafter execute or procure to be executed, said Bonds on behalf of the Contractor; and

WHEREAS, the Indemnitors have a substantial, material and beneficial interest in the obtaining of the Bonds or in the Surety's refraining from cancelling said bonds.

Now, THEREFORE, in consideration of the premises the Contractor and Indemnitors for themselves, their heirs, executors, administrators successors and assigns, jointly and severally, hereby covenant and agree with the Surety, as follows: . . ."

See Exhibit C, AOI, page 1 of 6, WITNESSETH provision.

41. Plaintiffs has fully performed their obligations under the Bond.

42. Defendants have breached the Bond because Dove Enterprises did not "perform the various improvements as detailed by either the plan(s)/specification(s)" nor did Dove Enterprises "perform and complete said improvements to said development in accordance with either the plan(s)/specification(s)/agreement" as required by the Bond.

43. Defendants have further breached the Bond because Defendants have failed to make repayment to Plaintiffs in the aforesaid amounts.

44. Defendants' breach of the Bond is the direct and proximate cause of monetary loss and damages to the Plaintiffs in the amount of $117,000.00 for the base amount of the claim with an additional $6,708.65 being paid for expenses, for a total of $123,708.65, plus attorney's fees, litigation expenses, prejudgment interest, and post-judgment interest.

45. Defendants (individually and collectively) are liable to Plaintiffs in the amount of $117,000.00 for the base amount of the claim with an additional $6,708.65 being paid for expenses, for a total of $123,708.65, plus attorney's fees, litigation expenses, prejudgment interest, and post-judgment interest.

## COUNT III
## INDEMNIFICATION

46. The Plaintiffs reallege as if fully restated herein the allegations set forth in paragraphs 1 – 45 above.

47. The AOI and Bond together are a binding and enforceable contract ("Surety Contract") between Plaintiffs and Defendants.

48. Plaintiffs have fully performed their obligations under the Surety Contract.

49. Defendants have breached the Surety Contract by Dove Enterprises not completing the subdivision improvements as referenced in the Bond.

50. Defendants have breached the Surety Contract by not making repayment to Plaintiffs in the aforesaid amounts.

51. Defendants' breach of the Surety Contract is the direct and proximate cause of monetary loss and damages to the Plaintiffs in the amount of $117,000.00 for the base amount of the claim with an additional $6,708.65 being paid for expenses, for a total of $123,708.65, plus attorney's fees, litigation expenses, prejudgment interest, and post-judgment interest.

52. In addition to contractual indemnification pursuant to the Surety Contract, the Plaintiffs are entitled to common law indemnification based on the same facts.

53. Plaintiffs made monetary payments on behalf of the Defendants (individually and collectively) to resolve the claim of the Berkeley County Planning Commission against the Defendants.

54. Plaintiffs were without fault or liability, or other obligation, for the failure of Dove Enterprises to fulfill its contractual, regulatory, and/or other obligations to the Berkeley County Planning Commission.

55. Nevertheless, being without fault, the Plaintiffs made the aforesaid monetary payments on behalf of the Defendants to the Berkeley County Planning Commission which resulted in those claims against the Defendants by the Berkeley County Planning Commission being satisfied and released. See Release attached hereto as Exhibit I.

56. Applicable law requires that one for whom a debt or obligation has been paid and satisfied indemnify the person making that payment.

57. Therefore, as required by common law indemnification, Defendants (individually and collectively) are liable to Plaintiffs in the amount of $117,000.00 for the base amount of the claim with an additional $6,708.65 being paid for expenses, for a total of $123,708.65, plus attorney's fees, litigation expenses, prejudgment interest, and post-judgment interest.

## COUNT IV
## SUBROGATION

58. The Plaintiffs reallege as if fully restated herein the allegations set forth in paragraphs 1 – 57 above.

59. The AOI and Bond together are a binding and enforceable contract ("Surety Contract") between Plaintiffs and Defendants.

60. Plaintiffs have fully performed their obligations under the Surety Contract.

61. Defendants have breached the Surety Contract by Dove Enterprises not completing the subdivision improvements as referenced in the Bond.

62. Defendants have breached the Surety Contract by not making repayment to Plaintiffs in the aforesaid amounts.

63. Defendants' breach of the Surety Contract is the direct and proximate cause of monetary loss and damages to the Plaintiffs in the amount of $117,000.00 for the base amount of the claim with an additional $6,708.65 being paid for expenses, for a total of $123,708.65, plus attorney's fees, litigation expenses, prejudgment interest, and post-judgment interest.

64. In addition to contractual indemnification pursuant to the Surety Contract, the Plaintiffs are entitled to common law subrogation based on the same facts.

65. Plaintiffs made monetary payments on behalf of the Defendants (individually and collectively) to resolve the claim of the Berkeley County Planning Commission against the Defendants.

66. Plaintiffs were without fault or liability, or other obligation, for the failure of Dove Enterprises to fulfill its contractual, regulatory, and/or other obligations to the Berkeley County Planning Commission.

67. Nevertheless, being without fault, the Plaintiffs made the aforesaid monetary payments on behalf of the Defendants to the Berkeley County Planning Commission which resulted in those claims against the Defendants by the Berkeley County Planning Commission being satisfied and released. See Release attached hereto as Exhibit I.

68. Applicable law requires that one for whom a debt or obligation has been paid and satisfied reimburse the person making that payment.

69. Applicable law requires that by making payment to the Berkeley County Planning Commission on behalf of and/or in the place and stead of, and satisfying the debt/obligation of Dove Enterprises, the Plaintiffs are subrogated to the claim of the Berkeley County Planning Commission against Dove Enterprises.

70. Moreover, pursuant to the "Release and Assignment of Claim" executed by the Berkeley County Planning Commission in favor of Fidelity & Deposit Company of Maryland, the Berkeley County Planning Commission "has sold and by these presents does sell, assign and set over unto Fidelity & Deposit Company of Maryland, its successors and assigns, the claim of One Hundred Seventeen Thousand Dollars ($117,000.00) against the Contractor." See Exhibit I, first unnumbered page. The "Contractor" mentioned in Exhibit I is identified as "Dove Enterprises, Inc." relative to "the Morning Dove Estates" and "Bond CSB8762479" being the Bond in question herein. Id.

71. Therefore, as required by common law subrogation, Defendants (individually and collectively) are liable to Plaintiffs in the amount of $117,000.00 for the base amount of the claim with an additional $6,708.65 being paid for expenses, for a total of $123,708.65, plus attorney's fees, litigation expenses, prejudgment interest, and post-judgment interest.

WHEREFORE, the Plaintiffs demand judgement against the Defendants, individually and collectively, jointly and severally, in the amount of $117,000.00 for the base amount of the claim with an additional $6,708.65 being paid for expenses, for a total of $123,708.65, plus attorney's fees, litigation expenses, prejudgment interest, and post-judgment interest, and such other relief as this Honorable Court deems just and proper.

The Plaintiffs demand a bench trial at this Honorable Court's earliest convenience.

**FIDELITY DEPOSIT COMPANY OF MARYLAND and ZURICH NORTH AMERICA**

*BY COUNSEL*

*/s/ Eric J. Hulett*
Eric J. Hulett (WVSB# 6332)
JACKSON KELLY PLLC
310 West Burke Street
Martinsburg, WV 25401
Telephone: (304) 260-4942
Facsimile: (304) 263-7110
eric.hulett@jacksonkelly.com